U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

OCT 28 2004

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**IDA SMITH**

**VERSUS**

**WALTER W. GERHARDT,
REGIONS MORTGAGE INC., AND
FEDERAL NATIONAL MORTGAGE ASSO.**

NUMBER: 488613-C

FIRST JUDICIAL DISTRICT COURT

CADDO PARISH, LOUISIANA

CV04-2236-S

JUDGE HICKS

MAGISTRATE JUDGE PAYNE

### PETITION FOR DAMAGES and TRIAL BY JURY

The petition of **IDA SMITH**, of the full age of majority and a resident of and domiciled in Caddo Parish, State of Louisiana, with respect represents that:

1.

Made defendants herein are:

A. **WALTER W. GERHARDT** [hereinafter **"GERHARDT"**], an Attorney at Law licensed and authorized to practice law in the State of Louisiana, doing business as **WALTER W. GERHARDT, Attorney at Law**, [hereinafter **"GERHARDT"**] who may be served at 900 Pierremont Road, Suite 111, Shreveport, Louisiana, by serving Walter Gerhardt.

B. **REGIONS MORTGAGE, INCORPORATED**, [hereinafter **"REGIONS"**] is a non-Louisiana, business corporation authorized to conduct business in the State of Louisiana, which may be served through its registered agent Regions Mortgage, 605 South Perry Street, Montgomery, Alabama 36104.

C. **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, [hereinafter **"FEDERAL NATIONAL"**] is a non-Louisiana corporation. A named agent for service is not listed with the Louisiana Secretary of State. Therefore, service may be made through its attorney of record, George B. Dean, Jr., Dean Morris, L.L.P., Attorneys at Law, 1505 North 19th Street, Monroe, Louisiana 71207-2867.

FILED

2.

Ms. Smith's home, located at 549 East 72nd Street, Shreveport, Louisiana, was

2004 SEP 24 A 11:30

BUTCH MCGEHEE
DEPUTY CLERK OF COURT
CADDO PARISH

1

sold, without her knowledge or notice to her, to Mr. Dana Capers on September 24, 2003.

3.

Mrs. Smith and her husband, Oliver Smith, purchased their home, located at 549 East 72nd Street, Shreveport, Louisiana, on November 24, 1971. Mr. and Mrs. Smith paid $15,250.00 for the property and purchased the property through a mortgage company that has since been purchased by Ms. Smith's most recent mortgage company, **REGIONS**.

4.

Mrs. Smith lived at 549 East 72nd Street, Shreveport, Louisiana, until after it was sold on September 24, 2003. Mr. Smith died on August 1, 1999. Prior to his death, he lived in a nursing home. He was placed in the nursing home on or about January 1, 1992, after having four strokes and could not walk. Mrs. Smith continued to live in the house alone at 549 East 72nd Street, Shreveport, Louisiana.

5.

Mr. and Mrs. Smith experienced financial difficulties after Mr. Smith's placement in the nursing home, and Mrs. Smith continued to suffer financially after the death of her husband.

6.

**FEDERAL NATIONAL** filed on July 28, 1997, in the First Judicial District of Caddo Parish, a Petition for Executory Process to seize and sell Mrs. Smith's home, case number 425300-C, to satisfy an alleged claim of $5,336.34 plus interest and fees. The address for Plaintiff's domicile, for the home to be seized and sold and for the Plaintiff to be served on the Petition is 549 East 72nd Street, Shreveport, Louisiana 71106.

7.

On July 31, 1997, **FEDERAL NATIONAL** notified the sheriff that the address on

2

the Petition was wrong. **FEDERAL NATIONAL** reported to the Sheriff that 510 East 72nd Street, Shreveport, Louisiana 71106 was the correct address but said address was actually the wrong address for plaintiff's domicile or for her to be served.

8.

Mr. and Mrs. Smith subsequently filed a Chapter 13 bankruptcy proceeding, case number 97BK-12673 on September 2, 1997. An Order and Dismissal of Notice dismissing the bankruptcy was filed on November 24, 1999.

9.

**FEDERAL NATIONAL** filed an Amended Petition and Writ of Seizure and Sale, on August 31, 2000, in case 425300-C. **FEDERAL NATIONAL** claims the amount due was $4,081.29 plus interest and fees.

10.

On October 17, 2000, **FEDERAL NATIONAL** filed a Motion and Order to Appoint Curator Ad Hoc to notice Mrs. Smith of the Writ of Seizure and Sale. In its Motion, **FEDERAL MORTGAGE** alleged it made a diligent effort to locate Mr. and Mrs. Smith, but could not. Mrs. Smith had lived at 549 East 72nd Street, Shreveport, Louisiana, since November 24, 1971 and was and still is listed in the phonebook.

11.

On October 18, 2000, **GERHARDT** was appointed by the court as Curator ad Hoc for Mrs. Smith, for the purposes of service. On the Order, a note informed **GERHARDT** that the last known address for Mr. and Mrs. Smith was 549 East 72nd Street, Shreveport, Louisiana 71106.

12.

**GERHARDT** noticed Mrs. Smith of the Amended Petition on November 15, 2000. The address on the notice is 549 East 72nd Street, Shreveport, Louisiana. **GERHARDT** filed on November 20, 2000 his Answer of Curator stating that Mrs. Smith's address was 549 East 72nd Street, Shreveport, Louisiana.

3

13.

Mrs. Smith, now a widow, filed on December 5, 2000, a Chapter 13 bankruptcy proceeding, case number 00BK-13315, to save her home. Her bankruptcy was dismissed on June 17, 2003; she could no longer make her payments.

14.

**FEDERAL NATIONAL** filed, on August 4, 2003, a Second Amended Petition in case number 425300-C. **FEDERAL NATIONAL** claimed the amount due on Mrs. Smith's mortgage was $880.33, plus interest and fees. This amount was not owed by the Plaintiff or her deceased husband. The entire balance had already been paid.

15.

**FEDERAL NATIONAL** requested that this Second Amended Petition be served to Mrs. Smith through the court appointed curator, **GERHARDT**, when it knew or should have known of her whereabouts. **GERHARDT** was served with the Second Amended Petition and Writ of Seizure and Sale by the sheriff on August 8, 2003. **GERHARDT** failed to serve Mrs. Smith with the Second Amended Petition or to notice her of the seizure and sale of her home. **GERHARDT** did not file an Answer of Curator.

16.

**FEDERAL NATIONAL** caused to be filed the Affidavit of George B. Dean, Jr., on August 28, 2003, who declared that he had provided notice of seizure to all interested parties, although he had not.

17.

**FEDERAL NATIONAL** and **REGIONS** sold Mrs. Smith's home located at 549 East 72nd Street, Shreveport, Louisiana, on September 24, 2003, knowing that **GERHARDT** had not filed an Answer of Curator and that Mrs. Smith did not have notice of the Writ of Seizure and Sale of her home.

18.

Mrs. Smith was evicted out of her home on or about October 25, 2003 by Dana

4

Capers who was the purchaser of the home at the sheriff's sale. The house caught fire on November 28, 2003, which caused extensive damage. Although Mrs. Smith continued to pay for homeowners insurance after she moved out (in the hope of getting her wrongfully seized home back), the insurance company did not cover the fire damage because the house was vacant at the time of the fire. The house is still vacant and non-inhabitable.

19.

**FEDERAL NATIONAL** and **REGIONS** are liable unto petitioner for failing to notify Mrs. Smith of the seizure and sale of her home. Both **FEDERAL NATIONAL** and **REGIONS** possessed Mrs. Smith's correct address. **GERHARDT** did not file an Answer of Curator. **FEDERAL NATIONAL** and **REGIONS** knew or should have known that Mrs. Smith had not been served with the Writ of Seizure and Sale of her home. They are further liable for alleging Mrs. Smith owed more on her mortgage than she did, causing the foreclosure in the first instance.

20.

**GERHARDT** is liable unto petitioner for legal malpractice, a violation of La. C. C. Art. 2315. **GERHARDT** owed a duty to petitioner to notice her of the seizure and sale of her home, but breached that duty when Petitioner's residence was sold on September 24, 2003, without her knowledge.

21.

Mrs. Smith alleges she did not owe **FEDERAL NATIONAL** or **REGIONS** the amounts they reported. Only after discovery will Mrs. Smith be able to assert specific facts as to this claim.

22.

Petitioner, **IDA SMITH**, requests that she be awarded damages for the value and cost of her home, loss of her home, consequential damages of moving, locating a residence, rental payments made to third parties, mental pain and suffering,

inconvenience and mental distress as are reasonable in the premises.

23.

Petitioner shows that it will be necessary to call expert witnesses at the trial of this matter and that the fees of such witnesses should be set by the Court and should be taxed as costs of this suit against defendants.

24.

Petitioner requests that this matter be heard by a jury.

25.

Your petitioner is unable to pay costs of court in advance or as they accrue or to post bond therefor due to his poverty and want of means. **IDA SMITH**, is a citizen of the State of Louisiana and is domiciled therein.

**WHEREFORE, PETITIONER PRAYS:**

1. There be judgment rendered in her favor and against the Defendants, **REGIONS MORTGAGE, INCORPORATED, FEDERAL NATIONAL MORTGAGE ASSOCIATION AND WALTER W. GERHARDT**, in a reasonable amount to be determined by this Honorable Court, plus interest, expert witness fees and court costs;

2. There be judgment in her favor and against Defendants, **REGIONS MORTGAGE, INCORPORATED, FEDERAL NATIONAL MORTGAGE ASSOCIATION AND WALTER W. GERHARDT**, awarding unto her compensatory damages plus penalties and attorney fees; and

3. She be granted a trial by jury herein.

4. For all costs of this suit, and for full, general and equitable relief for all orders and decrees necessary and proper in the premises.

5. To be allowed to proceed without paying costs of court in advance, or as it accrues or to post bond therefore due to his poverty and want of means.

Respectfully submitted:

*/s/ Nelson W. Cameron*

**NELSON W. CAMERON**
**Attorney at Law**
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111

**Attorney for Ida Smith**

Please serve defendants in accordance
with Paragraph One of this Petition