UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| IDA SMITH | CIVIL ACTION NO. 04-2236 |
| versus | JUDGE HICKS |
| WALTER W. GERHARDT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

Before the court is Plaintiff's **Motion to Compel Discovery Propounded to Dean Morris (Doc. 96)**. For the reasons that follow, the motion is **granted in part and denied in part**.

The allegations of Plaintiff's original complaint are summarized in the court's Memorandum Ruling (Doc. 66) denying Plaintiff's Motion to Amend Complaint (Doc. 52). Essentially, Plaintiff alleges that her home was wrongfully seized and sold as part of foreclosure proceedings. Dean Morris, L.L.P. ("Dean Morris") represented the foreclosing creditor.

Dean Morris is not a defendant on the main demand asserted by Plaintiff. In fact, the November 8, 2005 Memorandum Ruling cited above denied Plaintiff's Motion to Amend wherein Plaintiff belatedly sought leave to add Dean Morris as a defendant on new claims for negligence, breach of contract, breach of duty and violations of the Fair Debt Collection Practices Act. However, Dean Morris is a defendant on a third-party demand filed by

Defendants Regions Bank and FNMA. Doc. 14.

Plaintiff's Motion to Compel seeks an order requiring Dean Morris to respond to interrogatories and requests for production of documents propounded by Plaintiff to Dean Morris. In Requests for Production 1-5, Plaintiff essentially seeks Dean Morris's billing documents related to legal services that Dean Morris performed for Regions Bank in connection with the foreclosure. Interrogatory No. 1 and Request for Production 6 seek information regarding all cases in which Dean Morris represented Regions Bank from January 1997 to December 2005. Request for Production 8 seeks documents related to defenses that Dean Morris could raise in an action by Plaintiff for violation of the Fair Debt Collection Practices Act. Request for Production 10 seeks Dean Morris's entire file regarding Plaintiff and/or the foreclosure proceeding filed against her.

Dean Morris objected to Plaintiff's discovery on the basis of relevance, attorney-client privilege and work product immunity. Doc. 99. Dean Morris points out that Plaintiff has no pending claim against it (because the court denied Plaintiff leave to amend to assert a claim against Dean Morris) and that Plaintiff has no standing to challenge the legal fees charged by Dean Morris to its clients. Dean Morris accuses Plaintiff of engaging in a fishing expedition involving Dean Morris's confidential and privileged information.

**Billing Records Regarding Plaintiff's Case (Requests For Production 1-5)**

A review of the case law and other authorities reveals that attorney billing documents are generally not protected from discovery unless production of the documents would reveal

the substance of attorney-client communications. In <u>The Attorney-Client Privilege and the Work-Product Doctrine</u> (ABA 4th Ed.) at p.72, the author states:

> Because the amount of fees paid to an attorney are not privileged, it generally follows that the billing statements that attorneys submit to clients are equally discoverable. They are documents produced in the ordinary course of business, with one exception. Indeed, the requested production of time sheets has become increasingly frequent. The defense that production of the documents will necessarily reveal client confidences, however, is not usually accepted the courts or, if accepted, redactions will be ordered to protect the privileged material while allowing discovery of the nonprivileged material.

In the Supplement to the Fourth Edition, the author states at pp. 12-13:

> Lawyers are exceedingly fond of claiming that billing records contain detailed descriptions that would reveal privileged communications. The claim rarely bears up under scrutiny. Where privileged matters would in fact be revealed, billing statements will nonetheless be ordered in redacted form.

One of the cases cited by the author in support the above propositions is <u>C.J. Calamia Construction Co., Inc. v. Ardco/Traverse Lift Co.</u>, 1998 WL 395130 (E.D. La. 1998). In that case, Judge Clement noted that billing statements and records that simply reveal the amount of time spent, the amount billed and the type of fee arrangement between attorney and client are fully subject to discovery. <u>Id</u>. Similarly, the purpose for which the attorney was retained is not privileged, nor are the steps taken by the attorney in discharging his obligations. <u>Id</u>. *See also*, <u>Chesapeake & Ohio Ry. Co. v. Kirwan</u>, 120 F.R.D. 660, 665 (D.W.Va. 1988)(the attorney-client privilege did not apply to the edited portion of an attorney's bill and accounts which described in general terms the work performed for the client).

Dean Morris' billing documents for the foreclosure proceeding regarding Plaintiff are

relevant to a claim or defense of a party in this case. Fed. R. Civ. P. 26(b)(1). Plaintiff has challenged the amount alleged to be due in the foreclosure, and Plaintiff contends that Regions Bank simply passed on to Plaintiff the alleged overcharges of Dean Morris. Absent the alleged overcharges, Plaintiff argues nothing was due and, therefore, the foreclosure was wrongful. The fact that some of the billing records might be obtainable from another source (Regions Bank) is not grounds to deny Plaintiff's Motion to Compel – absent a showing of undue burden, and such a showing has not been made here. Accordingly, those documents must be produced, unless they are privileged.

The court's review of the pertinent authorities indicates that Dean Morris' billing documents are not privileged unless they would reveal the substance of attorney-client communications. If the billing documents merely reveal the time spent, costs advanced, amounts billed, the fee arrangement and the general nature of the work performed, the documents are not protected by the attorney-client privilege. Dean Morris is **ordered** to produce the billing documents regarding Plaintiff's foreclosure proceeding (Requests for Production 1-5) no later than **February 10, 2006.** *Before producing the billing documents, Dean Morris may in good faith redact any portion of the documents that would otherwise reveal the substance of a confidential communication with its client.*

**Plaintiff's Other Requests**

With regard to the other information and documents sought by Plaintiff, the court finds that Dean Morris's objections of relevance, attorney-client privilege and work product

immunity are well taken.  Dean Morris' records concerning other cases (not involving Plaintiff) are not relevant.  Plaintiff's counsel's hunch that the records might reveal a pattern of overbilling by Dean Morris is insufficient to establish relevancy to any claim or defense in this case.  Accordingly, Plaintiff's Motion to Compel regarding Interrogatory 1 and Request for Production 6 is **denied.**

Plaintiff also is not entitled to the information sought in Request for Production 8, namely, Dean Morris's internal procedures regarding debtor's rights.  Plaintiff argues she is entitled to this information because it relates to a defense that Dean Morris *could* raise in any action by Plaintiff for violation of the Fair Debt Collection Practices Act.  However, there is no such claim (or defense) in this lawsuit.  Accordingly, the information sought is not relevant.  Plaintiff's Motion to Compel regarding Request for Production 8 is **denied**.

Finally, Plaintiff moves to compel Dean Morris to provide the entire file (including correspondence, e-mails, memos, research and drafts) maintained by Dean Morris regarding Plaintiff's foreclosure proceeding.  This request is improper because it is too broad and because it necessarily seeks information protected by both the attorney-client privilege and the work product immunity.  The attorney's file will almost certainly reveal the substance of communications between Dean Morris and its client, as well as the mental impressions, opinions and theories of the attorneys who worked on the files.  Accordingly, Plaintiff's Motion to Compel regarding Request for Production 10 is **DENIED.**

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of January, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE