**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| IDA SMITH | CIVIL ACTION NO. 04-2236 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| WALTER W. GERHARDT, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are two motions filed by third-party defendant Dean Morris, L.L.P. ("Dean Morris"). The first motion is a "Motion to Strike and Objection" (Record Document 76). The second motion is a "Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment, Request for Attorneys Fees for Frivolous Filings and/or Admonishment, and Reply" (Record Document 117). Both motions relate to Plaintiff Ida Smith's ("Smith") attempt to assert claims directly against third-party defendant Dean Morris. Dean Morris argues that Smith's attempt is precluded by virtue of the Magistrate Judge's November 8, 2005 Memorandum Ruling, which denied Smith's motion to amend her complaint. See Record Document 66. Smith opposes both of Dean Morris' motions. See Record Documents 86 and 122.

After a thorough review of the record, the Court finds that Smith has no direct claims against Dean Morris and Dean Morris' status in this lawsuit remains as a third-party defendant. Accordingly, the "Motion to Strike and Objection" (Record Document 76) is granted and the "Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment, Request for Attorneys Fees for Frivolous Filings and/or Admonishment, and Reply" (Record Document 117) is granted in part and denied in part.

**I.	Background.**

On November 8, 2005, the Magistrate Judge denied Smith's motion to amend her complaint. See Record Document 66. Smith sought to add Dean Morris as a primary defendant and asserted claims of negligence, breach of contract, breach of duty, and violations of the Fair Debt Collection Practices Act against Dean Morris. See id. at 3.

In the Memorandum Ruling, the Magistrate Judge noted that the motion to amend was filed almost five months after the deadline for amendments to pleadings and weeks after the three motions for summary judgment were filed. See id. Because a scheduling order was in place, Rule 16(b) required that Smith demonstrate good cause to modify the scheduling order before the more liberal standard of Rule 15(a) would apply to the decision to grant or deny leave. See id. at 4. Further, the fact that motions for summary judgment had been filed was significant in the determination of whether Smith's motion to amend was timely. See Little v. Liquid Air Corp., 952 F.2d 841, 846 (5th Cir. 1992); Parish v. Frazier, 195 F.3d 761. 764 (5th Cir. 1999). The Magistrate Judge applied the factors set forth in S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) and concluded that Smith had failed to meet her burden of demonstrating good cause. See id. at 7. Specifically, the Magistrate Judge focused on the following factors: (1) Smith's only explanation for her delay in filing the motion to amend was that the amendment although fully drafted was not filed due to oversight; (2) Smith did not argue that she could not obtain appropriate relief unless the proposed amendment was allowed; (3) in light of the pending motions for summary judgment, Defendants would be prejudiced by the amendment; and (4) the amendment would create the need for a continuance and there was no justification, other than a simple allegation of oversight, for a continuance.

See id. at 5-6.

The Magistrate Judge's Memorandum Ruling of November 8, 2005 was not appealed. Notwithstanding, even if the ruling had been appealed, this Court would have affirmed the ruling denying the motion to amend, as the Magistrate Judge's ruling is not clearly erroneous or contrary to law. Accordingly, Dean Morris' status in this case remains as a third-party defendant, not a defendant in the primary action.[1]

## II. Motion to Strike and Objection (Record Document 76).

In its Motion to Strike and Objection, Dean Morris argues that Smith, in her opposition brief to its Motion for Summary Judgment, is again attempting to expand this proceeding and assert claims directly against Dean Morris. See Record Document 76 at 1. Specifically, Dean Morris cites the opening sentence of Smith's opposition brief, which states:

> In this wrongful seizure and Fair Debt Collection Practices Act case against Dean Morris, L.L.P. . . .

Record Document 69 at 1. Dean Morris contends that Smith is attempting to expand the pleadings from a "wrongful seizure" case against defendants Regions Bank and the Federal

---

[1]Smith asks this Court to "reconsider its denial of Plaintiff's motion to amend complaint." Record Document 86 at 2. Under Federal Rule of Civil Procedure 60, Smith must demonstrate one of six reasons for this Court to relieve her of the ruling on the motion to amend. Smith seems to rely on Rule 60(b)(6), "any other reason justifying relief from the operation of the [order]," as the basis for her motion to reconsider. Smith specifically notes the new procedural posture of the case, as the trial date had been upset as of the time Smith asked for reconsideration. However, the trial date was promptly reset for November 13, 2006. See Record Document 95.

The Court has thoroughly reviewed the Magistrate Judge's ruling on the motion to amend, a ruling that was not appealed to the District Judge, and finds that ruling to be sound. Thus, there is no "other reason justifying relief from the operation of" that Memorandum Ruling (Record Document 66) and the motion for reconsideration is **DENIED**.

National Mortgage Association ("FNMA") to include a direct claim against Dean Morris for violation of the Fair Debt Collection Practices Act. Dean Morris formally objects to any expansion of the pleadings and asks this Court to strike all portions of Smith's opposition brief that discuss and/or reference direct claims against Dean Morris. See Record Document 76 at 3.

Smith counters Dean Morris' motion by arguing that she "need not actually amend her complaint if the Third-party Defendant understands that it could be held liable for the same acts" and cites on Federal Rule of Civil Procedure 14(a) as authority. Record Document 86 at 5. Smith relies on the provision of Rule 14(a) stating "[t]he plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff . . . ." While this is an accurate citation, Smith must still overcome the fact that she did not attempt to amend her complaint to assert such claims against Dean Morris until almost five months after the deadline for amendments to pleadings and weeks after motions for summary judgment were filed.

In support of her contention that no formal amendment of her complaint is needed to assert direct claims against third-party defendant Dean Morris, Smith relies primarily on a 2001 Second Circuit case, stating:

> In any event, we hold that a formal amendment of a plaintiff's complaint asserting causes of action against a party impleaded under Rule 14(a) is unnecessary if the third-party is effectively on notice that it will be held liable on the plaintiff's claims and the two proceed against one another in an adverse manner. The record is clear that throughout the district court proceedings Mill and Project Hope conducted themselves as though Project Hope was proceeding directly against Mill. For example, on its own initiative, Mill answered Project Hope's complaint and, in doing so, expressly denied that it breached any duty of care or contractual obligation owed to Project

> Hope. Likewise, Mill filed a pre-trial motion seeking dismissal of Project Hope's claims, which Project Hope contested.

Project Hope v. M/V IBN SINA, 250 F.3d 67 (2001), 76 -77 (2nd Cir. 2001) (internal citations omitted). The Project Hope court does cite the dated Fifth Circuit opinion of Falls Industries, Inc. v. Consolidated Chemical Industries, Inc., 258 F.2d 277, 286 (5th Cir. 1958) however in that case the third-party defendant waived its objection to plaintiff's amendment. Such is not the case in the instant matter, as Dean Morris has always maintained its position that the principal action in this case deals with a wrongful seizure claim asserted by Smith against Regions and the FNMA, not a Fair Debt Collection Practices Act claim asserted by Smith against Dean Morris. Thus, the Court finds Smith's argument that no formal amendment of her complaint is needed to assert direct claims against third-party defendant Dean Morris to be unpersuasive.

Smith has no direct claims against third-party defendant Dean Morris and Dean Morris' procedural posture in this case remains as a third-party defendant. Hence, Smith's arguments as to her purported direct claims of negligence, breach of contract, breach of duty, and violations of the Fair Debt Collection Practices Act against Dean Morris are irrelevant to the proceedings before this Court and the "Motion to Strike and Objection" (Record Document 76) is granted.

**III. Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment, Request for Attorneys Fees for Frivolous Filings and/or Admonishment, and Reply (Record Document 117).**

In November and December 2005, Dean Morris filed supplemental memoranda in support of its Motion for Summary Judgment. See Record Documents 80 & 93. On February 28, 2006, Smith filed a supplemental opposition brief (Record Document 108) in

response to the supplemental memoranda in support of Dean Morris' Motion for Summary Judgment. Dean Morris then filed its Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment, Request for Attorneys Fees for Frivolous Filings and/or Admonishment, and Reply (Record Document 117) on March 8, 2006.

In the instant second motion to strike, Dean Morris asks this Court to strike the supplemental opposition brief (Record Document 108) in its entirety, arguing:

> [The supplemental opposition brief] does not address one single issue actually contained or contemplated in the Motion for Summary Judgment filed by Dean Morris to which this brief is purported to respond. Indeed, this [supplemental opposition brief] has been filed for the sole purpose of once again asserting previously rejected direct liability claims against Dean Morris . . . .

Record Document 117 at 2-3. Further, Dean Morris seeks, under Federal Rule of Civil Procedure 11, an award of the reasonable attorneys' fees it incurred in responding to Smith's latest attempt to expand the pleadings.

Smith argues that Dean Morris' motion to strike is not the proper procedural vehicle to attack her supplemental opposition brief. See Record Document 122 at 3. Further, Smith reurges her argument that she need not formally amend her complaint to assert direct claims against Dean Morris. See id. at 4. She also maintains that her supplemental opposition brief does address arguments made by Dean Morris in its supplemental memoranda in support of its Motion for Summary Judgment, but also admits that she intended her supplemental opposition brief "to be a kind of watershed that would guide the Court to all of Plaintiff's contentions." Id. at 5, 6.

In her opposition to the second motion to strike, Smith clearly references direct claims against Dean Morris, stating that "Plaintiff shows that Dean Morris is liable unto her

because it wrongfully 1) caused the seizure and sale of Plaintiff's home but failed to provide Plaintiff proper notice; 2) it overcharged attorney fees; and 3) violated the Fair Debt Collection Practices Act." See Record Document 122 at 2. Again, this Court is not persuaded that Smith can assert direct claims against third-party defendant Dean Morris without formally amending her complaint and her attempt to do that has failed. The Court also restates its reasoning that Dean Morris's procedural posture in this case is that of a third-party defendant and, as such, Smith's arguments relating to her purported direct claims against Dean Morris are irrelevant to the proceedings in this case. Based on this reasoning, any portion of Smith's supplemental opposition brief addressing direct claims against Dean Morris shall be stricken from the summary judgment record.[2]

Dean Morris has also motioned this Court for an award of the reasonable attorneys' fees it incurred in responding to Smith's latest attempt to expand the pleadings. Upon due consideration and noting that complexity of this litigation,[3] the Court denies Dean Morris' Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment, Request for Attorneys Fees for Frivolous Filings and/or Admonishment, and Reply (Record

---

[2]Dean Morris has asked this Court to strike the entirety of Smith's Supplemental Opposition to Motion for Summary Judgment. The Court has performed an initial review of Smith's supplemental opposition brief to Dean Morris' Motion for Summary Judgment. However, a more detailed and complete analysis of the summary judgment record as a whole will commence when the Court reaches the merits of the pending motions for summary judgment in this case. Therefore, the Court grants the Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment to the extent that any portions of the brief addressing direct claims against Dean Morris will be stricken. However, the Court will not, at this time, strike the entirety of Smith's supplemental opposition brief.

[3]While this Court was not persuaded by Smith's argument that no formal amendment of her complaint was necessary to assert direct claims against third-party defendant Dean Morris, the Court notes that counsel's reliance on Project Hope v. M/V IBN SINA, 250 F.3d 67 (2001), 76 -77 (2nd Cir. 2001) appeared to be in good faith.

Document 117) as to an award for the reasonable attorneys' fees. However, the Court does admonish counsel for Smith that any further attempts in the instant action to pursue direct claims against Dean Morris will be disfavored.

## IV. Conclusion.

Based on the foregoing,

**IT IS ORDERED** that the "Motion to Strike and Objection" (Record Document 76) be and is hereby **GRANTED**. All portions of "Plaintiff's Memorandum in Opposition to Defendant Dean Morris' Motion for Summary Judgment" (Record Document 69) discussing direct claims against Dean Morris, L.L.P. be and are hereby stricken from Plaintiff's Memorandum in Opposition.

**IT IS FURTHER ORDERED** that the "Motion to Strike Smith's Supplemental Opposition to Motion for Summary Judgment, Request for Attorneys Fees for Frivolous Filings and/or Admonishment, and Reply" (Record Document 117) be and is hereby **GRANTED IN PART** and **DENIED IN PART**. All portions of "Plaintiff's Supplemental Opposition Memorandum to Defendant Dean Morris' Motion for Summary Judgment" (Record Document 108) discussing direct claims against Dean Morris, L.L.P. be and are hereby stricken from Plaintiff's Supplemental Opposition Memorandum. Dean Morris, L.L.P.'s request for reasonable attorneys' fees is denied.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 10th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE