# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| IDA SMITH | CIVIL ACTION NO. 04-2236 |
| VERSUS | JUDGE S. MAURICE HICKS, JR |
| WALTER W. GERHARDT, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is an appeal filed by Plaintiff Ida Smith ("Smith") from Magistrate Judge Hornsby's January 31, 2006 Memorandum Order granting in part and denying in part her Motion to Compel. See Record Document 104. For the reasons that follow, Smith's magistrate appeal is denied and Magistrate Judge Hornsby's Memorandum Order of January 31, 2006 is affirmed.

## I.     BACKGROUND.

On January 18, 2006, Smith filed a Motion to Compel Discovery Propounded to Dean Morris, L.L.P. ("Dean Morris).[1] The motion to compel sought an order requiring Dean Morris to respond to interrogatories and requests for production of documents propounded by Smith. The propounded discovery related to Dean Morris's billing documents related to legal services that Dean Morris performed for Regions Bank, information regarding all cases in which Dean Morris represented Regions Bank from January 1997 to December 2005, documents related to defenses that Dean Morris could raise in an action by Smith for violation of the Fair Debt Collection Practices Act, and Dean Morris's entire file regarding Smith and/or the foreclosure proceeding filed against her. Dean Morris objected to the propounded discovery based on relevance, attorney-client privilege, and work

---

[1] As noted by the Magistrate Judge and this Court in multiple rulings, Dean Morris is not a defendant on the main demand asserted by Smith. Dean Morris is a defendant on a third-party demand filed by Defendants Regions Bank and the Federal National Mortgage Association.

product immunity.

Magistrate Judge Hornsby granted the motion to compel as to the billing documents. See Record Document 103 at 4. The Magistrate Judge reasoned that because those documents were relevant to a claim or defense of a party in the case, the documents must be produced, unless they were privileged. See id. at 3-4. He ordered that Dean Morris produce its billing documents regarding Smith's foreclosure proceeding no later than February 10, 2006. See id. at 4. Before production of such documents, Dean Morris was given the opportunity to redact, in good faith, any portion of the documents that would otherwise reveal the substance of a confidential communication with its client. See id.

The Magistrate Judge denied the motion to compel as to Smith's other discovery requests, finding that Dean Morris's objections of relevance, attorney-client privilege, and work product immunity were well taken. See id. at 4-5. Dean Morris's records concerning other cases (not involving Smith) were found to be irrelevant, as Smith's counsel's "hunch" was insufficient to establish relevancy. See id. at 5. Because there is no Fair Debt Collection Practices Act claim in this case, the information sought relating to Dean Morris's internal procedures regarding debtor's rights is irrelevant. See id. Smith's request for Dean Morris's entire file regarding her foreclosure proceeding is too broad and necessarily seeks information protected by both the attorney-client privilege and the work product immunity. See id.

## II. MAGISTRATE APPEAL.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in Title 28, United States Code, Section 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Therefore, Magistrate Judge Hornsby's

order of January 31, 2006 is not a recommendation to the district court, which normally requires de novo review under Rule 72. Rather, it is an order on a non-dispositive matter than requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995).

Here, this Court finds that Magistrate Judge Hornsby's Memorandum Order of January 31,2006 was neither clearly erroneous nor contrary to law. The Magistrate Judge analyzed and made separate rulings on each "disputed" discovery request. It is this Court's belief that each of those rulings complied with applicable case law and the Federal Rules of the Civil Procedure. Further, in her appeal, Smith simply reurges the arguments made in her motion to compel and provides no additional basis for the production of **all** billing records or the entirety of Dean Morris's file regarding Smith's foreclosure proceeding. Smith has also not demonstrated how the Magistrate Judge was clearly erroneous or contrary to law in allowing Dean Morris to screen its billing records to prevent disclosure of confidential communications and/or in applying both the attorney-client privilege and the work product immunity doctrine to Smith's request for her entire foreclosure file. Further, Smith seems to doubt Dean Morris's good faith compliance with the Magistrate Judge's January 31, 2006 order directing production of billing records; yet, she has come forward with no evidence leading this Court to doubt the completeness of Dean Morris's document production on February 1, 2006. See Record Document 104, Exhibits (Correspondence between Dean Morris and Counsel for Smith).[2] Smith also has

---

[2]In its opposition to the appeal, Dean Morris stated that it "forwarded to Smith copies of all of the bills its ever sent to its client during the complained of foreclosure action" in an effort to comply with what that Court ordered. Record Document 107 at 2.

not demonstrated how the reasoning of the Magistrate Judge as to her requests for production of information regarding all cases in which Dean Morris represented Regions Bank from January 1997 to December 2005 was clearly erroneous or contrary to law. Finally, because both this Court and the Magistrate Judge have repeatedly ruled that Smith has no direct claims against Dean Morris, namely a claim for violation of the Fair Debt Collection Practices Act, Magistrate Judge Hornsby's ruling that Dean Morris's internal procedures regarding debtor's rights were not relevant to this case was not clearly erroneous or contrary to law.

### III.  CONCLUSION.

Based on the foregoing, Plaintiff Ida Smith's Appeal of the Magistrate Judge's Order on the Motion to Compel (Record Document 104) is denied and Magistrate Judge Hornsby's Memorandum Order of January 31, 2006 (Record Document 103) is affirmed.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 12th day of July, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE