**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

IDA SMITH                                              CIVIL ACTION NO. 04-2236

VERSUS                                           JUDGE S. MAURICE HICKS, JR

WALTER W. GERHARDT, ET AL.           MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is a Motion to Reconsider (Record Document 148) filed by the Plaintiff, Ida Smith ("Smith"). Smith asks the Court to reconsider its September 15, 2005 Memorandum Ruling and Judgment dismissing all of her claims with prejudice. See Record Documents 146 & 147. The crux of Smith's Motion to Reconsider is that "the Court failed to consider her expert report appropriately and failed to consider her errata sheet and her affidavit regarding notice of the sale of her home." Record Document 148-1, ¶ II.

Defendants Walter W. Gerhardt, Regions Bank, and Federal National Mortgage Association oppose the Motion to Reconsider. See Record Document 149 & 151. Third party defendant Dean Morris, L.L.P. likewise opposes the Motion to Reconsider. See Record Document 154.

Smith argues that summary judgment in favor of defendant Walter W. Gerhardt ("Gerhardt") was not appropriate because Smith was confused during her deposition as to if or when she received notice of the sale of her home. Yet, as noted by this Court in its September 2006 ruling, Gerhardt informed Smith in November 2000, by certified mail, of the executory proceeding and forwarded her a copy of the petition. Thus, in November 2000, there is no dispute that Smith had actual notice of ongoing executory process

proceedings. And while the errata sheet Smith relies on in the instant Motion to Reconsider may indicate some confusion, there is still no dispute that at some point prior to the sale of her home in September 2003, Smith had actual notice of the ongoing executory process proceeding. Based on this actual knowledge, Smith cannot show that Gerhardt's alleged substandard conduct, i.e., him not providing additional notice, was a cause in fact or a legal cause of her damages. See Fontenot v. Duplechine, No. 04-424 (La. App. 4th Cir. 12/8/04), 891 So. 2d 41. Accordingly, the Court finds that its granting of summary judgment in favor of Gerhardt was, and remains, appropriate.

As to defendants Regions Bank ("Regions") and Federal National Mortgage Association ("Fannie Mae"), Smith argues that summary judgment was inappropriate because of the confusion evidenced by the errata sheet. However, as stated above, Smith cannot dispute that she had actual notice, at least in November 2000, of the ongoing executory process proceeding relating to her home. In light of this actual notice, she cannot prove causation, that the actions of Regions and Fannie Mae pertaining to notice caused her damages. Further, as to the argument pertaining to the expert report regarding payment, this Court remains convinced that Smith waived any possible defense of payment when she permitted the seizure and sale of her home to go forward, despite having actual notice and without raising any objection by either a suit for injunction or a suspensive appeal. Due to such waiver, Smith can not now use her defense of payment as a basis for a claim for damages.

Smith did not substantively address the Court's dismissal of third party defendant Dean Morris, L.L.P. ("Dean Morris") in her Motion to Reconsider, other than to argue that footnote 6 of the September 2006 was improper. The Court again notes that Dean Morris

was not made a party to the main demand and that Dean Morris' potential liability in this matter is based solely upon a claim for indemnification by Fannie Mae and Regions. Summary judgment in favor of Dean Morris on the third party demand remains appropriate, as Dean Morris' potential liability in this matter is based solely upon a claim for indemnification by Fannie Mae and Regions; Fannie Mae and Regions are not liable on the principal demand; and, therefore, Dean Morris is also not liable.

Accordingly,

**IT IS ORDERED** that the Motion to Reconsider (Record Document 148) filed by the Plaintiff, Ida Smith, be and is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 30th day of October, 2006.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE